DALY, Ch. J., and BOOKSTAVER, J., concur.
Ordered accordingly.

---

KATZKY *v.* FEIST.

(City Court of Brooklyn — General Term, December, 1892.)

A complaint alleged that defendants conspired for the purpose of ruining and injuring plaintiff's assignor, and used in carrying out such conspiracy a warrant of attachment issued in an action by one of the defendants herein against plaintiff's assignor, for the purpose of unlawfully seizing the property of plaintiff's assignor and procuring the delivery thereof to one of the defendants. *Held*, that evidence that the judgment in the attachment suit was entered on default, was admissible to negative the alleged conspiracy.

*Ira Leo Bamberger*, for plaintiff (respondent).

*J. W.* and *C. W. Ridgway*, for defendants (appellants).

VAN WYCK, J. The complaint alleges that the defendants, Goodman, a constable, and Feist, who was the plaintiff in an

action against one Weinhandler, the assignor 'of Katzky, combined and conspired together for the purpose of ruining and injuring the said Weinhandler, and used, in carrying out such conspiracy, a warrant of attachment, issued in Feist against Weinhandler, viz., for the purpose of unlawfully and wrongfully seizing the property of Weinhandler and procuring the delivery thereof to said Feist. To establish such conspiracy, plaintiff was allowed to show that such an attachment was granted, and that defendants seized the property of Weinhandler and caused it to be sold. The court, under objection and exception, would not allow the defendants to show that judgment was given against Weinhandler by default in the action in which the judgment was granted, and that the property was sold under such judgment. We think this evidence would have tended, at least, to negative the alleged conspiracy, and, therefore, should have been admitted. We deem it unnecessary to discuss the other questions raised on the appeal, as the judgment and order must be reversed for this error, and new trial granted, with costs to appellants to abide the event.

CLEMENT, Ch. J., concurs.

Judgment reversed.